UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

Case No. 1:07-cr-213-04

-v-

HONORABLE PAUL L. MALONEY

LARRY HOOKS,
        Defendant.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT I OF INDICTMENT OR IN THE ALTERNATIVE TO OBTAIN A BILL OF PARTICULARS WITH RESPECT TO COUNT I OF THE INDICTMENT

This Court has before it Defendant Larry Hooks's motion to dismiss count one of the indictment or, in the alternative, to obtain a bill of particulars with respect to count one of the indictment (Dkt. No. 107).[1] The government has filed a response (Dkt. No. 150).

On September 5, 2007, the government filed an indictment (Dkt. No. 1) against Defendant Hooks alleging he was involved in a drug conspiracy with three other co-defendants from 2001 through June of 2007. On November 7, 2007, the government filed a first superceding indictment (Dkt. No. 53) against Defendant Hooks. The first superceding indictment alleges Defendant participated in a drug conspiracy which began sometime in 1995 and continued through October 16, 2007. The government named seven co-conspirators, including Defendant Hooks, as well as ten other individuals. The government alleges Defendant knowingly and intentionally possessed, with

---

[1] On January 17, 2008, co-defendant Tyrone Hitchcock filed a motion to dismiss or, in the alternative, to obtain a bill of particulars (Dkt. No. 104). Defendant Hitchcock has since entered a guilty plea. *See* Dkt. No. 125. Before Defendant Hitchcock entered his guilty plea, Defendant Hooks filed a "me too" motion in which he "adopts the legal authority as contained in the memorandum of support of Co-Defendant Tyrone Hitchcock per the accompanying memorandum." (Dkt. No. 107).

the intent to distribute, more than fifty grams of cocaine base (crack) and an unspecified amount of heroin and marijuana.

ANALYSIS

Defendant Hooks alleges the first superceding indictment fails to provide him with notice of the particular manner and means by which the conspiracy operates, the acts supposedly taken in furtherance of the conspiracy, or the roles of the alleged co-conspirators. (Dkt. No. 105 at 3).Defendant requests this Court dismiss the conspiracy charge or, in the alternative, order the government to file a bill of particulars.

*MOTION TO DISMISS*

The elements of a drug conspiracy charge include (1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy. *United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999). *See* 18 U.S.C. § 846. The statute does not require the government establish the defendant performed an overt act in furtherance of the conspiracy. *United States v. Shabani*, 513 U.S. 10, 13, 15 (1994). Furthermore, to establish a conspiracy, the government need not show either an explicit agreement, but mere voluntary association to further the conspiracy's objections, or membership in the conspiracy as an indictment need not identify the co-conspirators. (citations omitted) *United States v. Younes*, 194 F.App'x 302, 309 (6th Cir. 2006).

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . . For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." FED. R. CRIM. P. 7(c)(1). The Sixth Amendment to the United States Constitution provides a defendant with the

right to be informed of the nature and cause of the accusations against him or her.  *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000).  The United States Supreme Court has explained that an indictment satisfies the constitutional requirements "if it, first, contains the element of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *Id.* (quoting *Hamling v. United States*, 418 U.S. 87 (1974)).  *See also United States v. Resendiz-Ponce*, ___ U.S. ___, 127 S.Ct. 782, 788 (2007) (quoting this passage from *Hamling*).  To be legally sufficient, the indictment must include facts and circumstances which constitute an offense and, if proved, would establish a prima facia case that the defendant committed the crime.  *United States v. Landham,* 251 F.3d 1072, 1079 (6th Cir. 2001); *Maney*, 226 F.3d at 663  *See also Hamling*, 418 U.S. at 117-118.

An indictment is usually sufficient if it states the offense using the words of the statute, as long as the statute fully and unambiguously states all the elements of the offense.  *Landham*, 251 F.3d. At 1079 (6th Cir. 2001) (citing *Hamling*, 418 U.S. at 117).  *See also Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998) (holding an indictment must set forth each element of the crime charged and citing *Hamling*, 418 U.S. at 117).  However, when the statutory language is used to provide a general description of the offense, it must be accompanied with a statement of the facts and circumstances sufficient to inform the defendant of the specific offense with which he is charged.  *Id.*  (citing *Hamling*, 418 U.S. at 117-118).  "Courts utilize common sense construction in determining whether an indictment sufficiently informs a defendant of an offense." *Maney*, 226 F.3d at 663 (quoting *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989)).

The Sixth Circuit Court of Appeals has had several opportunities to rule on motions to

dismiss for insufficient indictments in the context of criminal conspiracies to distribute drugs. In one of the earliest cases, *United States v. Piccolo*, 723 F.2d 1234 (6th Cir. 1983) (en banc), the indictment listed the dates the conspiracy allegedly occurred, alleged the elements of a conspiracy and identified the drug as "various quantities of cocaine." *Id.* at 1237. The indictment also listed three overt acts taken in furtherance of the conspiracy. *Id.* On appeal, the defendant alleged the indictment was vague, did not identify all of the co-conspirators, and allowed the prosecution to alter or modify the offense at trial to conform to the testimony of the witnesses. *Id.* The court found the indictment sufficient. *Id.* at 1239. The court explained that an indictment need not identify the individuals with whom the defendant has conspired. *Id.* "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet." *Id.* (quoting *United States v. Davis*, 679 F.2d 845, 851 (11th Cir. 1982)). *See United States v. Gioiosa*, 924 F.2d 1059, 1991 WL 15149 (6h Cir. 1991) (unpublished table opinion) (upholding an indictment which did not identify any other members of the conspiracy or any overt acts taken in furtherance of the conspiracy).

The information contained in the indictment is constitutionally sufficient to provide Defendant with notice of the charges against him. Defendant has been put on notice that he, the six individuals who have been charged, and ten other individuals agreed and conspired to possess and distribute crack, marijuana and heroin. Defendant has been informed that the conspiracy began sometime in 1995 and continued through October 2007. The indictment uses language consistent with the statute and with case law and satisfies the notice requirement of the Rules of Criminal Procedure and the Constitution. The indictment includes citations to the specific statutes which Defendant has allegedly violated.

*BILL OF PARTICULARS*

A court may order the Government to file a bill of particulars. FED. R. CRIM. P. 7(f). A trial court has discretion to order a bill of particulars. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). A bill of particular is used to minimize surprise and enable a defendant to obtain information necessary to prepare a defense and preclude a second prosecution for the same crime. *Id.* "It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government prior to trial." *Id.* (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978), *cert. denied*, 439 U.S. 819, *reh'g denied*, 439 U.S. 997; *United States v. Lawson*, 688 F.Supp. 314, 315 (S.D. Ohio, 1987); *United States v. Jones*, 678 F.Supp. 1302, 1304 (S.D. Ohio 1988)). "This is particularly true in a conspiracy case in which the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *United States v. Hayes (Harry Walker)*, 88-5735, 1989 WL 105937 at * 4 (6th Cir. Sept. 14, 1989) (unpublished table opinion). *See also Salisbury*, 983 F.2d at 1375 (holding a defendant is not entitled to discover all overt acts a government may prove at trial). A bill of particulars should not be used to obtain a list of the government's witnesses. *United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir. 1976). *See also United States v. McQueen*, 93-1779, 1994 WL 592928 (6th Cir. Oct. 27, 1994) (unpublished table opinion) (citing *Largent* and holding defendant's request for a list of coconspirators was simply a disguised request for a list of witnesses). When an indictment identifies the elements of the charge, the time and place of a defendant's conduct which violates the law, and a citation to the relevant statute, a bill of particulars is not necessary. *United States v. Gross*, 2007 WL 1556638 (E.D. Mich., May 30, 2007) (citing *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978).

The indictment provides sufficient information that a bill of particulars is not required.

Furthermore, Defendant's detailed list of information included in his prayer for relief suggests the motion is a disguised attempt at discovery.  Defendant requests this Court order the government to (1) list all dates on which the alleged conspirators joined and withdrew from the conspiracy, (2) all overt acts not identified in the indictment including dates, locations, participants, (3) dates, times and places where Defendant is alleged to have conspired and the names of his co-conspirators, (4) names and identities of individuals not named in the indictment but known to the grand jury.  As the government would not necessarily need to present this information to the jury in order to secure Defendant's conviction, Defendant is not entitled to an order requiring the government to provide this information.

Defendant Hooks's motion to quash indictment and dismiss charges (Dkt. No. 107) is **DENIED.  IT IS SO ORDERED.**

Date:   April 1, 2008            /s/ Paul L. Maloney  
                                 Paul L. Maloney  
                                 United States District Judge